IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NAUTICAL GIRL LLC | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No. ELH-10-3564 |
| POLARIS INVESTMENTS LIMITED | * | |
| Defendant | * | |

\*\*\*\*\*\*

**MEMORANDUM**

By Order filed on February 25, 2011 (ECF 10), the Court granted summary judgment in favor of plaintiff. Thereafter, plaintiff filed motions for the award of attorneys' fees, expenses, and costs, pursuant to contract. *See* ECF 21, 23.[1] On July 29, 2011, the matter was referred to United States Magistrate Judge Beth Gesner for a Report and Recommendation as to plaintiff's pending motions for attorneys' fees, costs, and expenses. *See* ECF 25. An Amended Report and Recommendation was filed by Judge Gesner on November 28, 2011 (ECF 31).

I have reviewed the Amended Report and Recommendation. The time for filing objections to the Report and Recommendation has passed, and no objections have been filed. The Report and Recommendation appears correct in almost every respect. With one non-substantive correction, I expressly adopt it as my own.

The Report and Recommendation utilizes, *inter alia*, the "lodestar approach" to determine the fee award. *See* ECF 31, at 7, 22. Maryland courts ordinarily utilize the "lodestar"

---

[1] Plaintiff initially filed its request for fees and costs in March 2011. *See* ECF 15. The Court denied that Motion, without prejudice, on June 29, 2011. *See* ECF 20.

approach when determining attorneys' fees under fee-shifting statutes. *Friolo v. Frankel*, 373 Md. 501, 504-05, 819 A.2d 354, 356 (2003) ("*Friolo I*").[2] However, the Maryland Court of Appeals has held that the lodestar approach is "an inappropriate mechanism for calculating fee awards" under contractual fee-shifting provisions in "disputes between private parties over breaches of contract" that are governed by Maryland law. *Monmouth Meadows Homeowners Ass'n*, 416 Md. 325, 336, 7 A.3d 2, 7 (2010). This is because a "contractual fee-shifting provision is designed by the parties, not by the legislature. . . . Thus, it usually serves no larger public purpose than the interests of the parties." *Congressional Hotel Corp. v. Mervis Diamond Corp.*, 200 Md. App. 489, 505, 28 A.3d 75, 84 (2011). In regard to a fee request arising from a contract "entered by the parties authorizing an award of fees," a court applying Maryland law "should use the factors set forth in Rule 1.5 [of the Maryland Rules of Professional Conduct ("MRPC")[3]] as the foundation for analysis of what constitutes a reasonable fee when the court awards fees based on a contract," rather than the lodestar approach. *Monmouth Meadows,* 416 Md. at 336-37, 7 A.3d at 8.[4]

MRPC 1.5(a) enumerates eight non-exclusive "factors to be considered in determining

---

[2] The *Friolo* litigation has spawned four reported opinions of the Maryland appellate courts, all dealing with issues concerning awards of attorneys' fees. *See Frankel v. Friolo*, 170 Md. App. 441, 907 A.2d 363 (2006) ("*Friolo II*") (holding that, when applying the lodestar approach, a court must provide a "clear explanation of the factors employed"), *aff'd*, 403 Md. 443, 942 A.2d 1242 (2008) ("*Friolo III*") (holding that an award of attorneys' fees under a fee-shifting statute should include "appellate fees . . . incurred in successfully challenging . . . the attorneys' fee awarded"); *Friolo v. Frankel*, 201 Md. App. 79, 28 A.3d 752 (2011) ("*Friolo IV*"), *cert. granted*, ___ Md. ___, No. 102, Sept. Term 2011 (Dec. 16, 2011).

[3] MRPC 1.5(a) is a standard of professional ethics, generally applicable to all attorney-client relationships, which mandates that an attorney "may not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[4] Notably, cases decided under the lodestar approach can "provide helpful guidance" in contractual fee-shifting cases, *Congressional Hotel*, 200 Md. App. at 505, 28 A.3d at 85, because "there is likely to be some overlap between the Rule 1.5 factors and the mitigating factors typically considered in a lodestar analysis." *Monmouth Meadows*, 416 Md. at 337, 7 A.3d at 8.

the reasonableness of a fee":

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

"In order to apply Rule 1.5 to a fee award, a court does not need to evaluate each factor separately" *SunTrust Bank v. Goldman*, 201 Md. App. 390, 29 A.3d 724, 730 (2011); *see Monmouth Meadows*, 416 Md. at 337 n.11, 7 A.3d at 8 n.11.[5] Moreover, when conducting an MRPC 1.5 analysis, a court "should consider the amount of the fee award in relation to the principal amount in litigation, and this may result in a downward adjustment. Although fee awards may approach or even exceed the amount at issue, the relative size of the award is something to be evaluated." *Monmouth Meadows*, 416 Md. at 337, 7 A.3d at 8. And, a "trial court also may consider, in its discretion, any other factor reasonably related to a fair award of attorneys' fees." *Id.* at 337-38, 7 A.3d at 8.

Here, the Report and Recommendation purports to rely on a "lodestar" approach. Nevertheless, in her analysis, Judge Gesner also applied the factors listed in MRPC 1.5 (describing them as the "Maryland factors"). *See, inter alia,* ECF 31 at 7. Moreover, there is significant overlap between the MRPC 1.5 factors and the so-called "*Johnson* factors" that are

---

[5] Indeed, a court need not "make explicit findings with respect to Rule 1.5" at all, or even "mention Rule 1.5 as long as it utilizes the rule as its guiding principle in determining reasonableness." *Monmouth Meadows*, 416 Md. at 340 n.13, 7 A.3d at 10 n.13.

3

typically employed in a lodestar analysis.[6]  Therefore, I am satisfied that the careful and thorough analysis of Judge Gesner leads to the same, correct result, either under a lodestar analysis or an analysis under MRPC 1.5(a).

Notwithstanding the award of summary judgment, on July 26, 2011, plaintiff filed a "Motion For Entry Of Judgment By Default," pursuant to F.R.Civ.P. 55(b). *See* ECF 24.[7]  For the reasons I expressed in granting plaintiff's summary judgment motion, the Court will also grant the Motion For Entry of Judgment By Default (ECF 24).

A separate Order follows.


Date:  December 19, 2011                                   /s/
                                                            Ellen Lipton Hollander
                                                            United States District Judge

---

[6] The "*Johnson* factors" derive their name from the seminal case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which enunciated them.  The *Johnson* factors have been adopted for use in lodestar cases by the Fourth Circuit, *see Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), and in Maryland.  *See Friolo I*, 403 Md. at 454 n.8, 942 A.2d at 1248.

[7] An Order of Default was entered by the Clerk on March 2, 2011. *See* ECF 12.